IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


HOLLY SELLS                                                    PLAINTIFF

   V.                         Civil No. 04-6156

MR. SPEEDY CAR CARE CENTER,
JOHN HUFFER, MIKE PORTER,
PORJOHN ENTERPRISES, LLC a/k/a
POR JOHN ENTERPRISES, LLC                                      DEFENDANTS

## **MEMORANDUM & ORDER**

On this 3rd day of November 2005 there comes on for consideration Defendants' Renewed Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial or Remittitur and memorandum in support (Doc. #61 & 63) as well as Plaintiff's response (Docs. 69-70), Plaintiff's Rule 52(b) Motion to Amend the Findings of the Court in its Apportionment of Damages (Docs. 62 & 64), Defendants' Response (Doc. 68) and Plaintiff's reply (Doc. 112). Also before the Court is Defendants' Motion for Stay of Execution on Judgment and Motion to Rescind all Writs of Garnishment (Doc. 122), Plaintiff's Response and Brief in Support (Docs. 126-27) and Defendants' Reply (Docs. 131-32).

For the reasons set forth within this memorandum, Defendants' Motion (Doc. 61) should be and hereby is DENIED, Plaintiff's Motion (Doc. 62) is GRANTED and Defendants' Motion to Stay (Doc. 122) is DENIED.

-1-

**Background**.

Plaintiff filed suit against Defendants claiming sexual harassment and retaliation in violation of Title VII and the Arkansas Civil Rights Act. The case proceeded to jury trial on September 7, 2005 through September 9, 2005. At the close of Plaintiff's case, Defendants moved for a directed verdict, contending that there was insufficient evidence to support a verdict with regard to any of Plaintiff's claims. Defendants renewed their motion at the conclusion of all of the evidence. The motion was denied each time, and both the sexual harassment and retaliation claims were submitted to the jury by interrogatories.

The jury reached a verdict in favor of Plaintiff with regard to both claims. The jury awarded Plaintiff $50,000 in compensatory damages, $60,000 in lost wages and fringe benefits and $150,000 in punitive damages. The Court further awarded Plaintiff $100,000 in front pay, $58,097.50 in attorneys' fees and $4,100.05 in costs. Judgment was entered on September 28, 2005 in accordance with this verdict.

Defendants request the Court to enter judgment as a matter of law in accordance with Rule 50(b) of the Federal Rules of Civil Procedure.[1] In the alternative, Defendants move for a new trial

---

[1] Rule 50 of the Federal Rules of Civil Procedure provides:

**(b) Renewing Motion for Judgment After Trial; Alternative Motion for New Trial.** If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have

-2-

under Rule 59(a)(1) or remittitur.

**Defendants' Motion**.

In ruling upon Defendant's motion for judgment as a matter of law, the Court is required to view the evidence most favorably to the party that prevailed before the jury. *Askew v. Millerd,* 191 F.3d 953, 957 (8th Cir. 1999). All direct factual conflicts must then be resolved in favor of Plaintiff. *Id*. Furthermore, the Court must assume as true all facts supporting Plaintiff which the evidence tended to prove. *Id*. Finally, the Court must give Plaintiff the benefit of all reasonable inferences, and deny the

---

submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment–and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:
  (1) if a verdict was returned:
     (A) allow the judgment to stand,
     (B) order a new trial, or
     (C) direct entry of judgment as a matter of law...

**(c) Granting Renewed Motion for Judgment as a Matter of Law; Conditional Rulings; New Trial Motion.**
  (1) If the renewed motion for judgment as a matter of law is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for a new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.

FED.R.CIV.P., Rule 50.

motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn. *Id*. Judgment as a matter of law is only proper when no reasonable juror could have found for the nonmoving party due to a complete absence of probative facts to support the conclusion reached. *Foster v. Time Warner Entertainment Company, L.P.*, 250 F.3d 1189, 1194 (2001) citing *Blackmon v. Pinkerton Sec. & Investigative Servs.*, 182 F.3d 629, 635 (8th Cir. 1999). Defendants also move in the alternative for a new trial. A new trial is only appropriate if the verdict was against the great weight of the evidence so as to constitute a miscarriage of justice. *Foster,* 250 F.3d at 1197 (8th Cir. 2001) citing *Ogden v. Wax Works, Inc.*, 214 F.3d 999, 1010 (8th Cir. 2000).

Defendants contend that there was insufficient evidence to submit the claim of personal liability of John Huffer and Mike Porter to the jury as they are shielded from personal liability as members of a limited liability company. This argument was the subject of two summary judgment motions filed by Defendants prior to trial and denied by the Court. Defendants continued to argue at trial that Huffer and Porter could not be liable to Plaintiff as PorJohn Enterprises, LLC was Plaintiff's employer.

Defendants were allowed to present testimony and evidence regarding this issue, and the Court found that whether Huffer and Porter were Plaintiff's employers was a question for the jury to decide. Defendants are incorrect in their contention that

Plaintiff sought to hold Huffer and Porter liable as supervisors. Throughout the litigation, Plaintiff has only sought to hold Huffer and Porter liable as partners doing business as Mr. Speedy Car Care Center. The testimony by Plaintiff was sufficient to establish that she was employed by Mr. Speedy Car Care Center which was owned by Huffer and Porter. In fact, the testimony of Mr. Porter is the subject of a hearing before this Court as Defendants asserted throughout the litigation that PorJohn Enterprises, LLC was authorized to do business as Mr. Speedy Car Care Center when, in fact, it was not. Further, Defendants referred to Plaintiff's employer as Mr. Speedy Car Care Center in proceedings before the EEOC and the Employment Security Division prior to the commencement of this lawsuit.

Defendants next contend there was insufficient evidence to submit Plaintiff's claims of sexual harassment and retaliation to the jury. There was a plethora of testimony that Huffer routinely asked Plaintiff to go out with him and that she declined each time. Plaintiff testified that Huffer left messages on her cellular phone saying that he missed her and wanted her to come to his house among other things. Plaintiff also testified that Huffer grabbed her breasts, buttocks and private areas on numerous occasions. The Court also heard evidence that Huffer confronted Plaintiff for reporting the harassment to Porter and kept her in a locked car for some period of time. Further, Porter attempted to force Plaintiff

AO72A
(Rev. 8/82)

to sign a memo stating that the incidents between Huffer and herself were consensual and indicated if Plaintiff did not sign the memo she would be terminated.

Defendants further contend the Court erred by refusing to allow evidence of Plaintiff's suggestive sexual behavior, dress and sexual relationships with others; and a letter written by Grady Bean's attorney. Defendants also contend the court erred by admitted the EEOC determination and the Employment Security Division determination. These issues were fully briefed by both parties and argued to the Court. The Court, having fully reconsidered its rulings, finds its previous rulings to be in accordance with the law.

Defendants contend that the Court erred in submitting the issue of punitive damages to the jury, that the damages verdict was contrary to the statutory caps, the lost wages and fringe benefits verdict was contrary to the legal measure of damages, the evidence supported reinstatement rather than front pay, and the front pay award was contrary to the legal measure of damages. Defendants also contend that the Court should order a remittitur of the damages awards. All of these issues have been considered by the Court and discussed in the Court's Memorandum Opinion of September 28, 2005. The Court again considers these same issues and finds the damages awards to be appropriate.

Viewing the evidence in the light most favorable to Plaintiff

-6-

AO72A
(Rev. 8/82)

and giving her the benefit of all reasonable inferences, there was sufficient evidence to allow a reasonable jury to find in favor of Plaintiff. There was sufficient testimony provided by Plaintiff and others for the jury to find Plaintiff was sexually harassed by John Huffer and retaliated against by Defendants. As such, the verdict does not amount to a miscarriage of justice, and a new trial would be improper. Defendants' Motion is DENIED.

**Plaintiff's Rule 52(b) Motion.**

Plaintiff requests the Court to amend its allocations of damages set forth in the Memorandum Opinion dated September 28, 2005. As the Court has discretion to allocate the damages to preserve a jury award, the Court finds that Plaintiff's Motion should be and hereby is GRANTED. Accordingly, to preserve that award, the Court finds that its Memorandum Opinion (Doc. 58) is amended as follows:

**Compensatory damages:**

| | |
|---|---|
| Title VII sexual harassment: | $25,000 |
| ACRA sexual harassment: | $0 |
| ACRA retaliation: | $25,000 |
| Title VII retaliation: | $0 |
| Total: | $50,000 |

**Punitive Damages:**

| | |
|---|---|
| Title VII claims: | $0 |
| ACRA sexual harassment: | $0 |

```
        ACRA retaliation:              $150,000
        Total:                         $150,000
```

The remainder of the Memorandum Opinion remains unchanged to include the Court's awards of front pay, attorneys' fees and costs.

**Writs of Garnishment**.

On November 1, 2005, Defendants moved for a stay of execution of judgment and to rescind all writs of garnishment as their post-trial motions were still pending before the Court. As Defendants' outstanding motions are DENIED pursuant to this Order, Defendants' Motion for Stay of Execution on Judgment and Motion to Rescind all Writs of Garnishment is DENIED. Should Defendants file a notice of appeal they may seek a stay pursuant Rule 62(d) of the Federal Rules of Civil Procedure.

**Conclusion & Order**.

The Court finds that the evidence presented at trial was sufficient as a matter of law to support a verdict for Plaintiff on her sexual harassment and retaliation claims. Accordingly, Defendants' motion for judgment as a matter of law or, in the alternative, for a new trial or remittitur is DENIED. Further, Plaintiff's Rule 52(b) Motion to Amend is GRANTED and Defendants' Motion for Stay of Execution is DENIED.

AO72A
(Rev. 8/82)

IT IS SO ORDERED.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)